# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BARRY FLANNERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18-CV-5 |
| | ) |
| JAMES R. JEPSEN, JESSICA L. | ) |
| JEPSEN, LIFE CARE CENTER of | ) |
| WILLOWS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the complaint (DE #1) and the motion to proceed *in forma pauperis* (DE #2), both filed by the plaintiff, Barry Flannery, on January 4, 2018. For the reasons set forth below, the complaint is **DISMISSED WITHOUT PREJUDICE**. The motion to proceed *in forma pauperis* is therefore **DENIED AS MOOT**. The clerk is **DIRECTED** to close this case.

BACKGROUND

The sole plaintiff in this action, Barry Flannery ("Barry"), filed this complaint involving his mother, Patricia Flannery ("Patricia"), on January 4, 2018. (DE #1.) Barry claims that Patricia's "civil and human rights" were violated when she was forced from her home in Illinois and transferred to a series of

nursing homes by Deborah Flannery ("Deborah"),[1] ultimately landing in the Life Care Center of Willows located in Valparaiso, Indiana ("The Willows") against her will. (*Id*. at 2.) According to Barry, The Willows paid an attorney to ensure that Deborah's son, James R. Jepsen ("James"), and his wife, Jessica L. Jepsen ("Jessica") (collectively, the "Jepsens"), were appointed as guardians of Patricia; the Jepsens live in Valparaiso, Indiana. (*Id*.) Barry alleges that approximately $20,000 of Patricia's money is missing, and he claims that Deborah had Patricia moved to The Willows in order to conceal that theft. (*Id*. at 3-4.)

The Willows is accused of mistreating Patricia by losing her dentures and failing to provide her with edible food for several months, by failing to provide her with exercise which left her wheelchair bound, and by causing head gashes and bruises on Patricia's body. (*Id*. at 4.) Barry also appears to allege that Patricia's twin sister, Mary Landon ("Mary"), was similarly mistreated by The Willows before her death, and he questions whether Mary was murdered when her vitamins were withheld by Jessica. (*Id*.) Barry alleges that Patricia is being involuntarily held at The Willows, is not allowed to leave the facility, and is allowed only limited visitation with Barry and his youngest sister, Karen Ford ("Karen"). (*Id*. at 4-5.) Finally, Barry claims that

---

[1] Although it is not entirely clear from the complaint itself, the motion to proceed *in forma pauperis* defines Deborah as Patricia's daughter. (DE #2, p. 2.) The Court notes that Deborah has not been named as a defendant in this action.

Deborah sold Patricia's house against Patricia's wishes. (*Id*. at 5.)

Barry, who signed both the complaint and the *in forma pauperis* motion, requests that Patricia be moved back to Illinois and that either he or Karen be appointed as Patricia's guardian; Barry demands $2,000,000.00 in unspecified damages. (*Id*. at 3: DE #2, p. 2.)

DISCUSSION

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. See 28 U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether the suit states a claim upon which relief

can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632–33 (7th Cir. 2013) (internal quotation marks and citation omitted).

As a threshold matter, however, a court must first consider whether a plaintiff has standing to bring suit. With regard to this issue, the Seventh Circuit Court of Appeals has noted:

> The doctrine of standing instructs the court to determine if a litigant is entitled to a federal resolution of his grievance. To satisfy standing, (1) a plaintiff must have suffered an injury in fact: an invasion of a legally protected interest which is concrete

>     and particularized, and actual and imminent;
>     (2) there must be a causal connection between
>     the injury and the conduct complained of; and
>     (3) it must be likely that the injury will be
>     redressed by a favorable decision.  A party
>     generally must assert his own legal rights and
>     interests, and cannot rest his claim to relief
>     on the legal rights or interests of third
>     parties.

*Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013) (internal quotation marks and citations omitted).[2] When deciding questions of standing, a court "must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter." *Reid L. v. Illinois State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004).

Here, the allegations in the complaint center around the purported civil rights violations of and various harms suffered by Patricia.[3] Barry does not allege that he himself has suffered an injury, nor do the facts plausibly suggest that he has. Rather, it was Patricia who was removed from her home, had money stolen from her account, was mistreated and physically injured while at The Willows, and had her house sold by Deborah against her will. None

---

[2] In certain circumstances where a litigant is closely related to a third-party who suffers a hindrance in protecting his or her own interest, a litigant may advance that third-party's claims in his own case; however, to do so, the litigant must still have suffered an injury in fact of his own. See *Marin-Garcia v. Holder*, 647 F.3d 666, 670–71 (7th Cir. 2011).

[3] Barry does allege that the Jepsens threatened to terminate his visitations with Patricia if he was not "nice" to them, but this fact, even if true, does not establish a concrete injury nor does it state a valid claim under either federal or state law. (See DE #1, pp. 2-3.)

5

of these injuries directly involve Barry.  Thus, Barry has failed to demonstrate that he has the requisite standing to invoke this Court's jurisdiction, and his claims must be dismissed without prejudice for lack of jurisdiction.

It is possible that Barry is attempting to bring claims on behalf of Patricia.  However, while a *pro se* litigant can represent his own interests, a *pro se* litigant may not represent others.  *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).  See also 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel;" Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.").  "The point of the rule forbidding a next friend to litigate *pro se* on behalf of another person is to protect the rights of the represented party." *Elustra v. Mineo*, 595 F.3d 699, 706 (7th Cir. 2010).  The Seventh Circuit Court of Appeals generally recommends strict adherence to this rule, especially when the person is unable to speak for herself, because "a party may be bound, or [her] rights waived, by [her] legal representative."  *Id*. (citation omitted).

Based on the foregoing, it is clear that Barry may not represent Patricia or bring suit on her behalf.  If Patricia has

claims of her own, she may file a complaint herself in a separate lawsuit, making sure to personally sign it in accordance with Federal Rule of Civil Procedure 11, or through an attorney licensed to practice before this Court.

Finally, it is true that courts generally grant *pro se* plaintiffs leave to amend a deficient complaint at least once before dismissing the suit in its entirety. *Luevano*, 722 F.3d at 1024-26. However, that is unnecessary where an amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). Such is the case here. Barry cannot establish standing because all of the possible harms even tangentially related to the events described in the complaint are clearly Patricia's rather than Barry's. This case is distinguishable from those where a plaintiff makes what can be classified as a "pleading error rather than a fatal deficiency" related to standing because, here, rather than simply failing to allege any injuries to himself, Barry has pled specific injuries that can *only* belong to someone else. See *Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994) (noting that a *pro se* prisoner could have made a pleading error by taking it for granted that the court would assume he was part of the group injured by the

challenged policy). Moreover, as noted above, Barry cannot bring any claims on behalf of Patricia because he is not a licensed attorney. Thus, it would be futile to allow Barry to amend his complaint.

CONCLUSION

For the reasons set forth above, the complaint is **DISMISSED WITHOUT PREJUDICE**. The motion to proceed *in forma pauperis* is therefore **DENIED AS MOOT**. The clerk is **DIRECTED** to close this case.

**DATED: May 14, 2018** /s/RUDY LOZANO, Judge
**United States District Court**